# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1706013188 |
| | ) | |
| WILLIAM T. GERMAN | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 12, 2021
Decided: March 24, 2021

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

William T. German, *pro se*, Wilmington, Delaware.

John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State.

**WHARTON, J.**

This 24th day of March 2021, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, it appears to the Court that:

1.     The Defendant, William T. German ("German"), entered a *nolo contendere* plea to manslaughter on January 24, 2019, and was sentenced on May 31, 2019.[1] He was sentenced to 25 years of incarceration, suspended after five (5) years, followed by decreasing levels of supervision.[2]

2.     Since that time, he has filed two unsuccessful motions for modification/reduction of sentence under Superior Court 35.[3] He now moves under Rule 61 for postconviction relief, raising five grounds. As best the Court can read the handwritten motion, those grounds are: (1) "Arrest: While being arrested after the accident, the police officer did not read me my rights and no ambulance was taking injuries [I] sustained." (2) "Coerced confusion of Guilty Plea: Every day the CO's would come into my cell and assume guilt and a doctor told me I was guilty before my lawyer was able to come in and tell me my charges." (3) "Uninformed Waiver of Right to Counsel: I was unaware of court processes and due to certain fear of a court room and I did not go to trial because of medication." (4) "Speedy Trial: It took 2 years to finally get and see a courtroom." (5) "Suppression of Favorable

---

[1] D.I. 43.
[2] *Id.*
[3] D.I. 44, denied on July 10, 2019 (D.I. 45); and D.I. 46, denied on September 17, 2019 (D.I. 47).

Evidence: No ambulance was on the scene before the police took me to the hospital."[4]

3.   Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[5]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[6]

4.   Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations, successive motions, procedural default, or former adjudication.  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7]  No second or subsequent motions are permitted.[8]  Any ground for relief that was not previously asserted is barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[9] Grounds for relief that were formerly adjudicated, whether in the proceedings leading to conviction, on

---

[4] D.I. 51 at 3.
[5] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[6] *Id.*
[7] Super. Ct. Crim. R. 61(i)(1).
[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super Ct. Crim. R. 61(i)(3).

appeal, or otherwise, are barred.[10] The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[11] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[12]

6.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[13]

7.    Applying the procedural bars of Rule 61(i), it appears that the motion is untimely since it was filed more than 1 year after the conviction became final. To overcome this bar to relief, German must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[14] He may do so by pleading with particularity that new evidence exists that creates a strong inference that he actually is innocent,[15] or by pleading with particularity a claim that a new retroactive rule of constitutional law applies to his case and renders his conviction invalid.[16] German has not made that effort. Accordingly, this untimely motion must be **SUMMARILY DISMISSED**.

---

[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).
[12] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[13] Super. Ct. Crim. R. 61(d)(5).
[14] Super Ct. Crim. R. 61(i)(5).
[15] Super. Ct. Crim. R. 61(d)(2)(i).
[16] Super. Ct. Crim. R. 61(d)(2)(ii).

**THEREFORE**, since it plainly appears from the Motion for Postconviction Relief and the record in this case that German is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services